**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Bloom,                        ) | No. CV-12-1999-PHX-FJM |
|                                      ) | |
|             Petitioner,              ) | No. CV-12-2337-PHX-BSB |
|                                      ) | |
| vs.                                  ) | |
|                                      ) | **ORDER** |
| United States Department of Treasury,) | |
|                                      ) | |
|             Respondent.              ) | |
| _____ ) | |
|                                      ) | |
| United States of America,            ) | |
|                                      ) | |
|             Plaintiff,               ) | |
|                                      ) | |
| vs.                                  ) | |
|                                      ) | |
| Rolls Royce Phantom Sedan 2004, VIN #) | |
| SCA1S68444UX07410,                   ) | |
|                                      ) | |
|             Defendant.               ) | |
| _____ ) | |

The court has before it the government's motion to seal (doc. 7) and motion to transfer United States v. Rolls Royce Phantom Sedan, 12-CV-2337-PHX-BSB ("Civil Forfeiture Action") (doc. 9). Petitioner did not respond to either motion.

The government asks the court to seal the motion to seal and the affidavit submitted in support of the motion. 18 U.S.C. § 983(f)(4) allows the government to submit evidence related to civil forfeiture *ex parte* in order to avoid disclosing any matter that may adversely

affect an ongoing criminal investigation or trial. The government contends that disclosure of the subject documents at this time could jeopardize an ongoing criminal investigation. Petitioner did not respond to the motion to seal and the time for doing so has expired. Having reviewed the documents submitted under seal and finding good cause, **IT IS ORDERED GRANTING** the motion to seal (doc. 7). The clerk shall file the documents lodged at doc. 8 under seal.

We also have before us the government's motion to transfer the Civil Forfeiture Action to the undersigned pursuant to LRCiv 42.1. Joshua Bloom filed the instant action pursuant to 18 U.S.C. § 983(f), seeking the immediate return of a seized 2004 Rolls Royce Phantom Sedan alleging hardship ("Hardship Petition"). This is the same Rolls Royce that the government seeks to forfeit in the Civil Forfeiture Action. The government contends that both cases involve the same property, the same parties, and essentially the same facts and legal issues. Petitioner does not object to the transfer. Therefore, in the interest of conserving judicial resources, **IT IS ORDERED GRANTING** the motion to transfer (doc. 9). The clerk is instructed to transfer <u>United States v. Rolls Royce Phantom Sedan</u>, 12-CV-2337-PHX-BSB, to the undersigned.

DATED this 14th day of January, 2013.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge