**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joshua Bloom, | ) | No. CV-12-1999-PHX-FJM |
| Petitioner, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| United States Department of Treasury, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

The court has before it petitioner's petition for release of property pursuant to 18 U.S.C. § 983(f)(5) (doc. 1), and the government's objection (doc. 6). Petitioner seeks the release of a 2004 Rolls Royce Phantom Sedan, VIN SCA1S68444UX07410 ("vehicle"), which was seized by the government pursuant to 31 U.S.C. § 5317(c)(2) and 18 U.S.C. § 981 and is now subject to forfeiture. The government contends that the vehicle was purchased through financial transactions that were knowingly structured to avoid the reporting requirements of 31 U.S.C. § 5313(a), in violation of 31 U.S.C. § 5324(a). Bloom now seeks return of the vehicle, contending that its seizure has caused a financial hardship by preventing him from operating his business.

In order to support his petition for return of property, Bloom must show that (1) he has a possessory interest in the vehicle, (2) he has sufficient ties to the community so as to provide assurance that the property will be available at the time of trial, (3) the government's continued possession of the property will cause a substantial hardship, and (4) the hardship outweighs the risk that the property will become unavailable if it is returned to the claimant

while forfeiture proceedings are pending.  18 U.S.C. § 983(f)(1).

Bloom claims to be the sole shareholder of Luxury Coach Services, Inc. ("LCS"), which he contends provides luxury vehicle and limousine service within the Phoenix metro area.  He asserts that the vehicle is the property of LCS and that the LCS business is his main source of income.  (Doc. 1).

The government challenges Bloom's claim of financial hardship, arguing that Bloom has presented no evidence that the vehicle ever generated any income.  Although Bloom claims that LCS is incorporated in Nevada and Arizona, the Nevada corporation's license expired on February 28, 2011, and the Arizona corporate status was revoked on October 28, 2011.  In addition, LCS has never been licensed to operate a limousine service in Arizona, and there is no record of any income generated by LCS.  In fact there is no record of any wages paid to Bloom in the last three years.  Finally, Bloom's driver's license was revoked following a DUI conviction, and although two other luxury vehicles are also purported to be owned by LCS, Bloom has made no effort to place these vehicles in service in place of the seized vehicle.

The government has called into question Bloom's community ties, establishing that he has significant connections with other states, including addresses, driver's licenses, and vehicles registered in Virginia and Delaware.  The government also has demonstrated that any claimed hardship is far outweighed by the risk that the vehicle will be unavailable if it is returned to Bloom while the forfeiture proceedings are pending.  The vehicle is highly mobile and could be moved, sold, damaged or destroyed with little effort, making recovery difficult, if not impossible.  Bloom did not respond to the government's objections.

We conclude that Bloom has failed to satisfy the requirements of 18 U.S.C. § 983(f)(1). Therefore, **IT IS ORDERED DENYING** Bloom's petition for release of property (doc. 1).  The clerk shall enter final judgment.

DATED this 28th day of January, 2013.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -